IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Lee Adkins, | Case No. 3:05 CV 2978 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Khelleh Konteh, | |
| Respondent. | |

This matter is before the Court on Petitioner David L. Adkins' Objections (Doc. No. 41) to the Magistrate's November 15, 2006 Report and Recommendation (Doc. No. 38). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which Petitioner objects. Also pending before the Court are seven additional motions filed by Petitioner after the Magistrate issued her Report and Recommendation.

### BACKGROUND

On January 7, 2002, Petitioner and two co-defendants (Jerome Renzhofer and George Hughes) were indicted in the Lucas County, Ohio Court of Common Pleas for the aggravated robberies of two carry-out businesses in Toledo, Ohio. Both counts of the Indictment included firearm specifications pursuant to OHIO REV. CODE § 2941.145. Prior to trial, Petitioner's court-appointed counsel filed a motion to admit hearsay testimony from Dennis Duhart, a witness who was unavailable for trial

because he was extradited to Mississippi to face criminal charges. The trial court denied this motion, as well as Petitioner's subsequent motion for a continuance until such time as the State of Ohio could procure Duhart's attendance via extradition. The case proceeded to trial, and on May 24, 2002, Petitioner was convicted of both counts of aggravated robbery. He was sentenced to two consecutive seven-year sentences, as well as two concurrent three-year terms for the firearm specifications, for a total of seventeen years imprisonment.

Petitioner appealed this initial conviction in the Sixth District Court of Appeals. On December 31, 2003, the Court of Appeals affirmed Petitioner's conviction but remanded the case for re-sentencing. *State v. Adkins*, 2003-Ohio-7250 (Ohio Ct. App. 2003). Petitioner did not file a Notice of Appeal in the Ohio Supreme Court, later claiming he believed his appointed counsel "was ineffective and raised the lesser meritorious grounds in the direct appeal" (Doc. No. 1, §§ 9(e) and 11(d)). Petitioner was re-sentenced on February 5, 2004, and again received an aggregate total of seventeen years imprisonment.

During the pendency of his direct appeal, Petitioner filed a petition for post-conviction relief in the form of a Motion to Vacate or Set Aside Judgment, in the trial court. Subsequently, Petitioner filed several amendments to this petition, and both parties filed summary judgment briefs. On April 16, 2004, Petitioner filed a Motion for Preparation of Complete Transcript (Doc. No. 17, Ex. 28). This Motion was denied on May 13, 2004, and Petitioner filed a Notice of Appeal on May 26, 2004. The Sixth District Court of Appeals affirmed this decision on June 24, 2005. *State v. Adkins*, 2005-Ohio-3203 (Ohio Ct. App. 2005). Petitioner filed a Notice of Appeal in the Ohio Supreme Court, but the Court declined to accept his appeal for review on October 26, 2005. *State v. Adkins*, 106 Ohio St. 3d 1556 (2005).

On December 30, 2004, the trial court denied Petitioner's petition for post-conviction relief. Petitioner filed a Notice of Appeal of this decision on February 1, 2005, and on December 16, 2005, the Sixth District Court of Appeals affirmed the trial court's decision. *State v. Adkins*, 2005-Ohio-6650 (Ohio Ct. App. 2005). Petitioner filed a Notice of Appeal in the Ohio Supreme Court on January 6, 2006, but the court declined to exercise jurisdiction over this discretionary appeal on April 26, 2006. *State v. Adkins*, 109 Ohio St. 3d 1423 (2006).

Petitioner filed a timely Petition for Writ of Habeas Corpus (Petition) in this Court on December 27, 2005, advancing one ground for relief (Doc. No. 1). Petitioner was granted leave to amend his Petition (Doc. No. 32), and on August 25, 2006, he filed his "Amendment to be Incorporated into the Petitioner's Original Petition for a Writ of Habeas Corpus Doc.1, Filed December 27, 2005" (Amended Petition) (Doc. No. 37). Additionally, Petitioner filed the following Motions: (1) Motion for a Stay of Application Petition for Writ of Habeas Corpus (Doc. No. 3); (2) Motion to Waive Exhaustion of State Remedies Rule (Doc. No. 4); (3) Motion to Expand the Record Pursuant to Habeas Corpus Rule 7(B) (Doc. No. 14); and (4) Motion to Expand the Record Pursuant to Habeas Corpus Rule 7(B) (Doc. No. 15).

On November 15, 2006, the Magistrate issued her Report and Recommendation (Doc. No. 38), recommending the Court deny the Petition. Further, the Magistrate denied as moot Petitioner's Motions requesting a stay and a waiver of the exhaustion requirement (Doc. Nos. 3 and 4), and granted Petitioner's Motions to expand the record (Doc. Nos. 14 and 15). Petitioner filed his Objections (Doc. No. 41) on December 8, 2006. This Court will conduct a de novo review of the Magistrate's finding to which the Petitioner objects. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

Additionally, after the Magistrate's Report and Recommendation was filed, Petitioner filed the following Motions:

| | |
|---|---|
| Motion to Enter Supreme Court Case Law into the Petitioner's Objections and [Amended Petition] Grounds One Through Three (1-3) (Habeas Corpus) | Doc. No. 42 |
| Motion to Raise the Trial Transcript of the State's and Defense's Witnesses [sic] Testimony for this Court's Review (Habeas Corpus) | Doc. No. 43 |
| Motion to Enter Case Law into Petitioner's Objections and [Amended Petition] Grounds One Through Five (1-5) | Doc. No. 45 |
| Application to Proceed Without Prepayment of Fees and Affidavit | Doc. No. 54 |
| Motion to Enter Trial Transcript Citings [sic] in Support of Grounds One Through Five (1-5) Docs. 37, 31, and 39 | Doc. No. 56 |
| Motion for Leave to Amend the Petition for A Writ of Habeas Corpus, Now Pending, and Motion for an Extension of Time | Doc. No. 57 |
| Motion to Supplement the Petitioner's Merit Argument of Ground One Doc.31 and Notification | Doc. No. 60 |

The Court will address each of these Motions below.

### PETITIONER'S OBJECTIONS

### **Petitioner's First[1] Objection**

Petitioner's primary Objection is that the Magistrate failed to address the ground for relief in his original Petition, namely, that the State "continually, arbitrarily denied the Petitioner access **(use)** of the trial transcript" and this denial constituted a Due Process violation (Doc. No. 1, ¶ 12(A)) (emphasis in original).

---

[1] The numerical designations assigned to Petitioner's Objections were added by the Court for ease of adjudication.

When Petitioner filed his original Petition on December 27, 2005, he had not fully exhausted the five grounds for relief put forth in his Amended Petition because the Ohio Supreme Court had yet to rule on these claims. After the Ohio Supreme Court declined to review the denial of Petitioner's post-conviction relief, Petitioner's claims became ripe for habeas review and he filed his Amended Petition. Petitioner styled his Amended Petition "Amendment **to be Incorporated into the Petitioner's Original Petition** for a Writ of Habeas Corpus Doc.1, Filed December 27, 2005" (Doc. No. 37) (emphasis added), and did not re-assert his original claim for relief. The Amended Petition clearly intended to incorporate the original claim for relief. The Magistrate, however, only discussed the five grounds for relief present in the Amended Petition. Because there is no indication Petitioner intended to abandon this claim, and the Magistrate failed to address it in her Report and Recommendation, Petitioner's first Objection is well-taken. The Court will now address Petitioner's original ground for relief.

As a preliminary matter, Petitioner has exhausted his state court remedies. The exhaustion requirement is satisfied when the highest court in the state in which Petitioner was convicted has been given a full and fair opportunity to rule on Petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 882-83 (6th Cir. 1990) (citing *Harris v. Rees*, 794 F.2d 1168, 1173 (6th Cir. 1986)). Here, Petitioner appealed the issue of transcript denial to the Ohio Supreme Court, which declined to accept the issue for review. *State v. Adkins*, 106 Ohio St. 3d 1556 (2005). Accordingly, Petitioner has exhausted his state remedies as to this issue. His claim, however, must be dismissed because it is not cognizable on federal habeas review.

Petitioner is challenging the denial of his Motion for Preparation of Complete Transcript of Proceedings at State Expense, filed April 16, 2004 (Doc. No.17, Ex. 28). This Motion sought a

5

second free copy of the transcript of Petitioner's trial for the express purpose of re-opening his direct appeal pursuant to Ohio App.R. 26(B), and litigating his petition for post-conviction relief. "The writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *Klein v. Carter*, No. 1:01CV794, 2005 U.S. Dist. LEXIS 12571, at *40 (S.D. Ohio May 20, 2005) (citing *Johnson v. Collins*, No. 96-3513, 1998 U.S. App. LEXIS 8462 (6th Cir. April 27, 1998); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Payne v. Bell*, 194 F. Supp. 2d 739, 2002 WL 480936, at *1-*2, *14 n.3 (W.D. Tenn. 2002)). An en banc panel of the Sixth Circuit recently held that "a Rule 26(B) application to reopen is a collateral matter rather than part of direct review." *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc).

Petitioner alleges that he was not provided a second free transcript of the trial court proceedings to aid in his filing a 26(B) application to re-open his direct appeal. Because a Rule 26(B) application is a collateral proceeding, allegations of deficiency in this process are not cognizable on federal habeas corpus review. *Klein*, 2005 U.S. Dist. LEXIS 12571, at *40-*41. Further, Petitioner has failed to put forth any authority in support of the proposition that he was constitutionally entitled to a second copy of his transcript of his trial at the state's expense. Accordingly, the ground for relief alleged in the original Petition is denied.

### **Petitioner's Second Objection**

Petitioner's next Objection challenges certain portions of the "Factual Background" section of the Magistrate's Report and Recommendation (Doc. No. 41, p. 5). Specifically, Petitioner contends the factual background does not "address any of the defense counsel's cross-examinations of the

6

State's witnesses that would be beneficial to this Petitioner," and that this constitutes "a clear and convincingly [sic] violation of [his] Constitutional rights." *Id*.

The "Factual Background" section of the Magistrate's Report and Recommendation was quoted directly from the decision of the Sixth District Court of Appeals. *See State v. Adkins*, 2003-Ohio-7230 (Ohio Ct. App. 2003). The factual findings of the state appellate court are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e); *Marshall v. Lonberger*, 459 U.S. 422 (1983). Petitioner does not object to the correctness of these findings -- he only objects to the breadth of the summary of the facts. Petitioner's Objection is merely to alert the Court that certain facts "did in fact transpire in the trial court proceedings, and because of such, this Court is respectfully asked to review the entire record" (Doc. No. 41, p. 5). In addressing Petitioner's Objections, the Court has, in fact, taken into account the entire Record. Petitioner's second Objection is therefore not well-taken.

### **Petitioner's Third Objection**

Petitioner's third Objection is that the Magistrate "misconstrued" grounds one through three of the Amended Petition (Doc. No. 41, p. 6). Specifically, Petitioner contends the Magistrate construed these claims as challenging the trial court's denial of Petitioner's motion to admit hearsay testimony and motion for a continuance to procure Duhart's testimony. Petitioner, however, contends he "is arguing that when the prosecutor's [sic] (state) arbitrarily unilaterally made the witness (Duhart) unavailable for trial, (by extradition), while in preparation for trail [sic], the state arbitrarily denied the petitioner's right to present a complete defense . . ." (Doc. No. 41, p. 6).

The Magistrate did not err by grouping together the first three grounds for relief alleged in the Amended Petition. Each of these claims is related to, and premised upon, the unavailability of Duhart. Specifically, each ground for relief alleges "[t]he trial court committed error when it allowed the

7

State/Government (Prosecutor) to unilaterally make a key material defense witness (Dennis Duhart) . . . unavailable for trial . . ." (Doc. No. 37, pp. 14, 16, and 18). Because each ground for relief is based on the unavailability of Duhart, they are appropriately grouped together. Accordingly, Petitioner's third Objection is not well-taken.

### **Petitioner's Fourth, Fifth, and Sixth Objections**

Petitioner's fourth, fifth, and sixth Objections can be summarized as follows: the Magistrate incorrectly characterized the testimony that Duhart would have proffered had he been available for trial (Doc. No. 41, pp. 6-10). The Magistrate wrote as follows (Doc. No. 38, p. 15 n.5) (emphasis added):

> Petitioner claimed that Duhart would have testified that he **heard** co-defendant, George Hughes, say that Petitioner was innocent and that a man named Douglas Young, a.k.a. Biscuit had actually committed the robberies of which Petitioner was convicted.

Petitioner, on the other hand, contends that Duhart would have testified that **both** state-court co-defendants (Renzhofer and Hughes) **specifically told** Duhart that Douglas Young ("Biscuit") actually committed the robberies of which Petitioner was convicted. Petitioner relies on evidence outside the Record, including an Affidavit from Duhart. Petitioner claims Duhart would have provided "impeaching exculpatory testimony" and "third party culpability, exculpatory testimony" (Doc. No. 37, pp. 16, and 18).

While this evidence, on its face, is probative of Petitioner's innocence, Petitioner has not brought a claim of actual innocence. Rather, the first three grounds for relief in his Amended Petition challenge the trial court's "decision" to allow the State to make Duhart unavailable for trial (Doc. No. 37, pp. 14, 16, and 18). Thus, when examining the decision of the trial court, we should look to the facts as they were presented to that court. At the conclusion of Petitioner's trial, his appointed

8

counsel (Susan Sharkey) made the following proffer of Duhart's proposed testimony (Doc. No. 48, Vol. 8, pp. 661-62):

> Your Honor, Mr. Duhart, had he been present today, would have testified to the following: That he was incarcerated at the Lucas County Jail, along with co-defendant George Hughes; that he had had conversations about both his case and Mr. Hughes's case, and that Mr. Hughes had admitted to him that he did not know why they wanted David Adkins because it was the man who was driving the van [Mr. Young] when he was arrested who was the person who was in the robbery.
>
> [Hughes] also indicated to Mr. Duhart that the reason he was testifying was because he was getting a plea bargain.

The only proposed Duhart testimony proffered to the court was evidence that Hughes told Duhart that Petitioner was not involved in the robberies. This testimony, however, was cumulative of testimony made by another defense witness, Wesley Fox. Fox testified that Hughes told him that another man, not Petitioner, was in on the robberies for which Petitioner was convicted (Doc. No. 48, Vol. 8, pp. 644-50).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court can only grant habeas relief if the trial court's adjudication of Petitioner's grounds for relief: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has not shown that the trial court's decision here was contrary to clearly established Supreme Court precedent, nor was the trial court's decision based on an unreasonable determination of the facts in light of the evidence before it. Accordingly, Petitioner's fourth, fifth, and sixth Objections are not well-taken.

9

**Petitioner's Seventh, Eighth, and Ninth Objections**

Petitioner's seventh, eighth, and ninth Objections can be summarized as follows: the Magistrate, as well as all state courts and attorneys previously involved in this case, failed to address Petitioner's third-party culpability defense and the third ground for relief in his Amended Petition (Doc. No. 41, pp. 10-14). These Objections are merely an extension of the previous three Objections: Petitioner contends that had Duhart been made available for trial, he would have provided evidence that a third party (Douglas Young) actually committed the robberies for which Petitioner was convicted. As noted above, this evidence is cumulative of the testimony offered by another defense witness, Wesley Fox.

Petitioner relies on a District Court case from the Eastern District of Michigan for the proposition that "[e]vidence that someone other than the defendant may have committed the crime is critical exculpatory evidence that the defendant is entitled to present to the jury." *Wynne v. Renico*, 279 F. Supp. 2d 866, 882 (E.D. Mich. 2003) (citing *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980)). But the *Wynne* case specifically noted that the rule favoring admission of third-party culpability is "**subject to the discretion of the court to exclude cumulative evidence** and to insure orderly presentation of a case . . . ." *Wynne*, 279 F. Supp. 2d at 882-83 (emphasis added) (quoting *Armstrong*, 621 F.2d at 953). The Magistrate correctly found the trial court properly exercised its discretion when it excluded the cumulative hearsay testimony of Duhart and denied Petitioner's motion for a continuance. Accordingly, Petitioner's seventh, eighth, and ninth Objections are not well-taken.

**Petitioner's Tenth, Eleventh and Twelfth Objections**

Petitioner's tenth Objection is that the Magistrate only briefly addressed the fourth ground for relief in the Amended Petition (Doc. No. 41, p. 19). Petitioner's eleventh Objection alleges the Magistrate completely failed to address the fourth ground for relief in the Amended Petition (Doc. No. 41, p. 20). Petitioner's twelfth Objection is a general objection challenging the Magistrate's findings and conclusions as to the fourth and fifth grounds for relief in the Amended Petition (Doc. No. 41, p. 21-23).

In her Report and Recommendation, the Magistrate correctly grouped together the fourth and fifth grounds for relief from the Amended Petition because each claim alleges the ineffective assistance of trial counsel. Specifically, each claim alleges that "[t]rial counsel committed error by failing to thoroughly examine documentary [evidence] **(Police Reports)** and failing to call two **(Police Officers)** with impeaching testimony to testify for the defense . . ." (Doc. No. 37, pp. 21, 22) (emphasis in original). Petitioner's fourth ground for relief alleges trial counsel should have called Officers Calzone and Haynes to the stand, and his fifth ground for relief alleges trial counsel should have called Officers Wagner and Trevino. *Id*.

The United States Supreme Court has held the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Strickland*, the Court set forth two components which a petitioner must satisfy to establish ineffective assistance of counsel; these elements were recently restated by the Sixth Circuit:

11

> First, the defendant must demonstrate that counsel's performance was deficient in that counsel's errors were so serious that counsel was not functioning as constitutionally guaranteed. Second, the defendant must establish that the inadequate assistance prejudiced the defense. To establish prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003) (citations omitted) (quoting *Strickland*, 466 U.S. at 687). In order to show counsel's performance was deficient, Petitioner must demonstrate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. Further, in order to show defense counsel's performance was sufficiently prejudicial to the defense, Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, courts need not even address the question of counsel's competence "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id*. at 697.

Petitioner's fourth and fifth grounds for relief can be divided into two distinct claims: (1) trial counsel failed to thoroughly examine the police reports from the robberies for which Petitioner was convicted; and (2) trial counsel failed to call Officers Calzone, Haynes, Wagner, and Trevino despite the fact they allegedly could provide testimony to impeach State witnesses.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005) (citing *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993)). Because of the difficulties inherent in evaluating the effectiveness of trial counsel's assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial

12

strategy.'" *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91,101 (1955). In the instant action, Petitioner has failed to meet his burden on both claims.

As to the first claim, Petitioner has not provided any evidence, either in or outside of the state-court record, to establish that trial counsel failed to examine the relevant police reports. Petitioner relies solely on his own assertions, which alone are not enough to grant habeas relief. Further, while trial counsel did not call Officers Calzone, Haynes, Wagner, and Trevino to the stand, Petitioner again relies solely on his own assertions that their testimony would have impeached State witnesses. The Magistrate correctly held that "Petitioner's argument that he was prejudiced by the failure of counsel to compel the testimony of [the police officers] is purely speculative" (Doc. No. 38, p. 16). This decision did not permeate the entire trial with unfairness, nor did it prejudice the defense.

Petitioner has failed to show that his trial counsel's assistance was defective, that any alleged defect was so serious as to deprive him of a fair trial, or that he suffered any prejudice. Accordingly, the Court adopts the Magistrate's findings and conclusions regarding the fourth and fifth grounds for relief in the Amended Petition, and Petitioner's tenth, eleventh, and twelfth Objections are not well-taken.

### **Petitioner's Thirteenth Objection**

Petitioner's thirteenth Objection is a general objection that he is actually innocent of the crimes of which he was convicted (Doc. No. 41, pp. 23-25). Petitioner argues the sum of the violations alleged in the Petition and Amended Petition supports the conclusion that he was actually innocent.

The Supreme Court has held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [a petitioner's] constitutional claims." *Schlup v.*

*Delo*, 513 U.S. 298, 326-27 (1995). The Sixth Circuit has held that a claim of actual innocence, as noted by *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Souter v. Jones*, 395 F.3d 577, 588-89 (quoting *Schlup v. Delo*, 513 U.S. at 315). Here, none of Petitioner's claims were procedurally barred; rather, each claim was addressed on its merits. Accordingly, Petitioner's claim of actual innocense is misplaced, and his thirteenth Objection is not well-taken.

### **Petitioner's Fourteenth Objection**

Petitioner's next Objection is that the Magistrate erred when she denied Petitioner's request for an evidentiary hearing (Doc. No. 41, pp. 30-32). Petitioner has not put forth persuasive evidence that he was prejudiced by a failure of the state court to develop the factual record, nor has he established a fundamental miscarriage of justice resulting from a lack of a hearing. Accordingly, Petitioner's fourteenth Objection is not well-taken.

### **Petitioner's Fifteenth Objection**

Petitioner's fifteenth Objection is that the Magistrate wrongfully denied Petitioner's Motion to order the State to file the trial transcript in this Court (Doc. No. 41, pp. 32-33). Specifically, "Petitioner asserts the transcript would be necessary for this Honorable court's full, fair, and adequate review of this Petitioner's case." *Id*. Respondent, however, filed a copy of the trial transcript with the Court (Doc. Nos. 44, 46, 47, 48, and 49). Accordingly, Petitioner's fifteenth Objection is moot and therefore not well-taken.

**MOTIONS FILED AFTER THE MAGISTRATE'S
REPORT AND RECOMMENDATION**

### Motion to Raise Trial Transcript

Petitioner filed his Motion to Raise the Trial Transcript of the State's and Defense's Witnesses [sic] Testimony for this Court's Review (Habeas Corpus) (Doc. No. 43) so the Court could "fully and fairly determine the grounds for relief raised to this Court." *Id*. at 1. As noted above, however, Respondent filed a copy of the trial transcript with the Court (Doc. Nos. 44, 46, 47, 48, and 49). Accordingly, Petitioner's Motion to Raise the Trial Transcript of the State's and Defense's Witnesses [sic] Testimony for this Court's Review (Habeas Corpus) (Doc. No. 43) is denied as moot.

### Motions to Enter Case Law and Transcript Citations into Petitioner's Objections and Amended Petition

Petitioner's next three Motions ask the Court to enter various cases and trial transcript citations into his Objections to the Magistrate's Report and Recommendation (Doc. No. 41) and his Amended Petition (Doc. No. 35): Motion to Enter Supreme Court Case Law into the Petitioner's Objections and [Amended Petition] Grounds One Through Three (1-3) (Habeas Corpus) (Doc. No. 42); Motion to Enter Case Law into Petitioner's Objections and [Amended Petition] Grounds One Through Five (1-5) (Doc. No. 45); and Motion to Enter Trial Transcript Citings [sic] in Support of Grounds One Through Five (1-5) Docs. 37, 31, and 39 (Doc. No. 56). Petitioner contends he did not have access to the trial transcript or the prison law library when drafting his Objections.

Respondent has not objected to these Motions, and the Court sees no reason why they should not be granted. Accordingly, Petitioner's Motions to enter case law and transcript citations (Doc. Nos. 42, 45, and 56) are granted.

**Motion/Application to Proceed with Prepayment of Fees**

Petitioner's next Motion is an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 54). Petitioner has already paid the five dollar ($5.00) habeas filing fee. Because the Court has denied Petitioner relief, proceedings in the District Court are terminated. Accordingly, Petitioner's Motion is denied as moot as it relates to any proceedings in this Court. Further, to the extent this Motion is a request to proceed *in forma pauperis* on appeal, the Motion is also denied.

Under 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith. A party demonstrates good faith when seeking review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438 446 (1962). Furthermore, a determination of good faith requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (quoting *Anders v. California*, 386 U.S. 738, 744, *reh'g denied*, 388 U.S. 924 (1967); *Howard v. King*, 707 F.2d 215 (5th Cir. 1983)) (emphasis added). *See also Neitzke v. Williams*, 490 U.S. 319 (1989).

Petitioner has failed to show the existence of any set of facts upon which he could prevail. Accordingly, under 28 U.S.C. §1915(a), the Court certifies that an appeal of this action could not be taken in good faith, and Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 54) is denied.

**Motion for Leave to Amend**

Petitioner's penultimate Motion is a Motion for Leave to Amend the Petition for A Writ of Habeas Corpus, Now Pending, and Motion for an Extension of Time (Doc. No. 57), to which

16

Respondent has filed a Response (Doc. No. 58). Petitioner seeks to add the following three additional grounds for relief (Doc. No. 57):

> 1). The State of Ohio presented insufficient evidence to convict the petitioner of the crimes of aggravated robbery, with two gun specifications in violation of the Due Process and the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.
>
> 2). [T]he weight of the evidence goes against the State of Ohio's conviction of the Petitioner for aggravated robberies [sic] and two gun specifications in violation of the Due Process Clause and the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Ohio Constitution.
>
> 3). The State of Ohio violated Petitioners [sic] rights to the [C]onfrontation [C]lause, whereby, denying Petitioner his rights to the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Ohio Constitution, Due Process.

Petitioner asks the Court to grant this Motion pursuant to FED. R. CIV. P. 15

Under FED. R. CIV. P. 15(a), the trial court is vested with discretion in granting or denying an amendment. *See Foman v. Davis,* 371 U.S. 178 (1962); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978 ) (habeas corpus may be amended as provided by the civil rules). A trial court may consider a number of factors in making this determination, including "undue delay in filing, lack of notice to the opposing party, bad faith of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Additional factors may also include the need for additional discovery, strain on the court's docket, or the lack of prejudice as the issue is already known. *See Budd Co. v Travelers Indem. Co.,* 820 F.2d 787, 792 (6th Cir. 1987).

Delay alone is insufficient to deny the proposed amendment. *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 581 (6th Cir. 1990) (citations omitted). However, where a party seeks leave to amend under Rule 15(a), "a party must act with due diligence if it intends to take advantage

17

of the Rule's liberality." *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939 (1974))

The instant action was filed on December 27, 2005. Since that date, Petitioner requested leave, and was granted leave, to amended his original Petition once. Additionally, Petitioner has filed seventeen individual motions throughout the pendency of this case, excluding his Motion to Appoint Counsel (*See* Doc. Nos. 3, 4, 14, 15, 19, 21, 22, 28, 34, 39, 42, 43, 45, 54, 56, 57, and 60). Plaintiff, obviously familiar with the Court's filing procedure, had plenty of time to file a Second Amended Petition, yet failed to do so. Petitioner has not acted with the due diligence required by the Sixth Circuit to "take advantage of [Rule 15's] liberality." *Midwest Suspension and Brake,* 49 F.3d at 1202 (citations omitted). Further, Petitioner admits that these claims were procedurally defaulted (Doc. No. 57, p. 2), as they were not presented to the Supreme Court of Ohio. Accordingly, Petitioner's Motion for Leave to Amend the Petition for A Writ of Habeas Corpus, Now Pending, and Motion for an Extension of Time (Doc. No. 57) is denied.

**Motion to Supplement**

Petitioner's final Motion is styled Motion to Supplement the Petitioner's Merit Argument of Ground One Doc.31 and Notification (Doc. No. 60). Petitioner seeks to supplement the ground for relief in his original Petition (denial of access to a second transcript) with three additional grounds for relief: (1) the State violated the Confrontation Clause; (2) his conviction is "against the great weight of the evidence;" and (3) he was convicted "without the State proving beyond a reasonable doubt every element of the offenses as charged" (insufficient evidence). *Id.* at pp. 1-2. Petitioner

18

contends that had he had access to the trial transcript, he would have included these three grounds for relief in his Rule 26(B) application to re-open his appeal.

The gist of Petitioner's Motion to Supplement, however, is that "the Petitioner has been seriously prejudiced by the State of Ohio arbitrarily denying the Petitioner access (use) of the trial transcript with which to raise the issues above in the State Court . . . ." *Id.* at 2. Whether Petitioner would or would not have raised these three new claims in his Rule 26(B) application with the benefit of a transcript is irrelevant here because, as noted above, Petitioner's transcript-denial claim is not cognizable on federal habeas review. Accordingly, this Motion (Doc. No. 60) is denied.

## CONCLUSION

Petitioner's first Objection is **sustained** but all other Objections are **denied** (Doc. No. 41). All other portions of the Magistrate's Report and Recommendation are **adopted**. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) and Amendment to be Incorporated into the Petitioner's Original Petition for a Writ of Habeas Corpus Doc.1, Filed December 27, 2005 (Doc. No. 37) are **denied**. Petitioner's Motion for a Stay of Application Petition for Writ of Habeas Corpus (Doc. No. 3) and Motion to Waive Exhaustion of State Remedies Rule (Doc. No. 4) are **denied as moot**, and Petitioner's Motion to Expand the Record Pursuant to Habeas Corpus Rule 7(B) (Doc. No. 14) and Motion to Expand the Record Pursuant to Habeas Corpus Rule 7(B) (Doc. No. 15) are **granted**.

Petitioner's Motion to Raise the Trial Transcript of the State's and Defense's Witnesses [sic] Testimony for this Court's Review (Habeas Corpus) (Doc. No. 43) is **denied as moot**. Petitioner's Motion to Enter Supreme Court Case Law into the Petitioner's Objections and [Amended Petition] Grounds One Through Three (1-3) (Habeas Corpus) (Doc. No. 42), Motion to Enter Case Law into Petitioner's Objections and [Amended Petition] Grounds One Through Five (1-5) (Doc. No. 45), and

Motion to Enter Trial Transcript Citings [sic] in Support of Grounds One Through Five (1-5) Docs. 37, 31, and 39 (Doc. No. 56) are **granted**. Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 54) is **denied**. Petitioner's Motion for Leave to Amend the Petition for A Writ of Habeas Corpus, Now Pending, and Motion for an Extension of Time (Doc. No. 57) is **denied**. Petitioner's Motion to Supplement the Petitioner's Merit Argument of Ground One Doc.31 and Notification (Doc. No. 60) is **denied**.

Pursuant to 28 U.S.C. §1915(a), the Court certifies that an appeal of this action could not be taken in good faith. Further, as Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              February 7, 2007